**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHANECA LOUISE DAVIS,<br><br>Plaintiff,<br>v.<br><br>MANGUS PROPERTIES, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:26-cv-00279-SEP |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Shaneca Davis's Application to Proceed in District Court Without Prepaying Fees or Costs. *See* Doc. [6]. The Court finds that Plaintiff is unable to pay the filing fee and grants the application. For the reasons set forth below, the Court dismisses the action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

### Application to Proceed in District Court Without Prepaying Fees or Costs

With the commencement of this action, Plaintiff filed an application to proceed in the district court without prepaying fees or costs. Doc. [2]. In her initial application, Plaintiff failed to provide sufficient information for the Court to assess her indigency status, as she indicated that she was unemployed but also stated that she had approximately $2,500 in financial obligations per month. *See* Doc. [2] at 1-2. Before the Court ruled on her initial application, Plaintiff filed a new application on July 13, 2026, indicating that she is currently employed as a freelance paralegal, making approximately $1500 per month, while her monthly expenses are $5,313 per month. Doc. [6] at 1-2. Based on the information in the new application, Plaintiff is unable to pay the $405 filing fee, and she may proceed *in forma pauperis*.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

On February 23, 2026, Plaintiff filed this lawsuit against Mangus Properties, LLC, HUB International, LLC and TCG Holdings, LLC.[1] Doc. [1] at 1. Plaintiff brings the suit pursuant to 28 U.S.C. § 1331, alleging a violation of her Fourteenth Amendment Equal Protection rights. *Id.* at 3. She claims that she was discriminated against "as a tenant" based on her race and gender and "other protected characteristics in housing." *Id.* She does not identify her race. Plaintiff also claims that Defendants "breach[ed] [her] leasing/rental contract/agreement" by evicting her

[1] Although Plaintiff names all three Defendants in the caption, *see* Doc. [1] at 1, she makes allegations against only Defendant Mangus Properties, LLC, and alleges no connection between Mangus and either of the other two entities. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Because Plaintiff has not alleged any such responsibility on the part of HUB International, LLC, or TCG Holdings, LLC, her claims against them are dismissed.

from her apartment. *Id.* at 5. She alleges that Defendants falsified documents and violated her due process rights by evicting her and denying her "rental and other assistance." *Id*. Plaintiff seeks $100,000 in damages, as well as reversal of her purportedly illegal eviction. *Id.*

**RELATED CASES**

This is at least the fourth lawsuit involving Plaintiff and Defendant Mangus Properties. On May 31, 2024, Mangus Properties filed a rent and possession action against Plaintiff seeking unpaid rent, late fees and legal fees relating to a lease between it and Plaintiff. *See Mangus Properties, LLC v. Davis*, No. 2422-AC06942 (22nd Jud. Cir., July 25, 2024) (*Mangus I*).[2] On June 10, 2024, Plaintiff filed a counterclaim in *Mangus I*, asserting that Mangus committed "extortion and embezzlement" when it failed to hold her rent in abeyance after she purportedly notified Mangus that she had applied for rental assistance from the Salvation Army.

On July 24, 2024, the parties in *Mangus I* entered into a consent judgment pursuant to which Mangus was awarded rent, late fees, legal fees and court costs totaling $6,188.21. Plaintiff's eviction was stayed so long as she paid the fees and costs within 30 days. The consent judgment also dismissed Plaintiff's counterclaim with prejudice. On September 5, 2024, Mangus moved for an order of eviction on grounds that Plaintiff had failed to comply with the consent judgment. The Order of Eviction was granted that same date, and Plaintiff was served with the Order for Eviction on October 15, 2024.

On August 7, 2024, Plaintiff filed a new lawsuit alleging breach of contract against Mangus Properties. *See Davis v. Mangus Properties*, No. 2422-CC07117 (22nd Jud. Cir., August 7, 2025) (*Mangus II*). The claims in *Mangus II* mirrored Plaintiff's counterclaim in *Mangus I*. On August 7, 2025, *Mangus II* was dismissed on grounds of res judicata because Plaintiff's counterclaim had been dismissed with prejudice in *Mangus I*.

Finally, on December 23, 2025, Plaintiff filed a lawsuit against the State of Missouri and Mangus Properties, LLC, in the United States District Court for the Eastern District of Missouri. *See Davis v. State*, No. 4:25-cv-01889-SEP (E.D. Mo. Dec. 23, 2025) (*Mangus III*). In that action, brought under 42 U.S.C. § 1983, Plaintiff alleges that Mangus breached a leasing agreement and harmed her when it illegally evicted her. *Mangus III* remains pending.

---

[2] Facts about the prior cases come from public records, of which the Court takes judicial notice. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005).

## DISCUSSION

By statute, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). "A case can be dismissed under 28 U.S.C. § 1915(e) if the action is barred by an affirmative defense," such as the doctrine of res judicata. *Fields v. United Parcel Serv., Inc.,* 2014 WL 636432, at *2 (E.D. Mo. Feb. 17, 2014) (citing *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992)). After carefully reviewing the Complaint and relevant public records from state court, the Court finds that this action is barred by res judicata, which provides that "[f]inal judgment on the merits precludes the relitigation of a claim on any grounds raised before or on any grounds which could have been raised in the prior action." *Poe v. John Deere Co.,* 695 F.2d 1103, 1105 (8th Cir. 1982). "Res judicata prevents the splitting of a single cause of action and the use of several theories of recovery as the basis for separate lawsuits." *Friez v. First Am. Bank & Cir. Trust of Minot*, 324 F.3d 580, 581 (8th Cir. 2003). Sua sponte invocation of res judicata is proper to avoid unnecessary judicial waste. *See Hanig v. City of Winner, S.D.,* 527 F.3d 674, 678 (8th Cir. 2008).

Missouri law governs the application of res judicata to Plaintiff's suit. *See, e.g.*, *Duffner v. City of St. Peters, Mo.,* 930 F.3d 973, 976 (8th Cir. 2019). Under Missouri law, res judicata bars a claim if "a final judgment on the merits has been rendered involving the same claim sought to be precluded in the cause in question." *Id.* (quoting *Brown v. Simmons*, 335 S.W.3d 481, 485 (Mo. Ct. App. 2010)). To determine whether the same claims are asserted in both cases, Missouri courts look to the factual bases for the claims, not the legal theories. *Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315, 319-20 (Mo. banc 2002). Missouri law tracks the Eighth Circuit in defining the prerequisites for res judicata. *See Bannum, Inc. v. City of St. Louis*, 195 S.W.3d 541, 544 (Mo. Ct. App. 2006). Res judicata applies where (1) the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id.* (citing *Biermann v. United States*, 67 F. Supp. 2d 1057, 1059 (E.D. Mo. 1999)).

In *Mangus I*, Plaintiff brought a counterclaim against Mangus alleging unlawful eviction and fraud. She then entered into a consent judgment with Mangus in which she agreed to the dismissal of her counterclaim with prejudice on July 24, 2024. Later, in *Mangus II*, Plaintiff

brought the same claim against Mangus. This case involves similar facts (e.g., the same rental agreement, the same eviction), the same parties, and issues that either were or could have been raised in a prior action. Although Plaintiff attempts to assert a new cause of action—housing discrimination—based on the same events, res judicata still precludes this lawsuit. *See, e.g., Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 804 (8th Cir. 2006) ("A prior judgment bars a subsequent claim arising out of the same group of operative facts even though additional or different evidence or legal theories might be advanced to support the subsequent claim."); *Kesterson v. State Farm Fire & Cas. Co.,* 242 S.W.3d 712, 716 (Mo. 2008) ("In order for a subsequent claim on the same transaction to be considered a separate cause of action there must be new ultimate facts, as opposed to evidentiary details, that form a new claim for relief."). Both parties had a full and fair opportunity to litigate the matter in the prior state court proceedings, not once, but twice. Thus, under Missouri law, res judicata bars this suit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Applications to Proceed in District Court Without Prepaying Fees or Costs, Docs. [2] and [6], are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3], is **DENIED AS MOOT**.

An appeal of this action would not be taken in good faith.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of September, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE